## STEVENS *vs.* FULLER.

The owner of a horse which had the heaves, and was worth nothing, in the course of a negotiation for an exchange, concealed the defect, and affirmed that the horse was worth $100 ;—and the other party, having no knowledge of the defect, was thereby induced to make the exchange,—*held*, that this was sufficient to sustain an action on the case for deceit.

CASE.   The declaration contained two counts.   The first alleged that on the 14th of September, 1835, the defendant being possessed of a black mare that was unsound, broken winded, and good for nothing, and also of $190 ; and the plaintiff being possessed of three colts, of the value of $300, the defendant, to induce the plaintiff to exchange the colts aforesaid for the mare and money aforesaid, falsely and fraudulently affirmed that the mare was sound and free from all defect.   Whereupon the exchange was made, &c.

The second count set forth that the mare was of no value, being afflicted with a disorder called the heaves, of which defendant was well knowing, and that the defendant falsely and fraudulently omitted to state to the plaintiff that said mare was afflicted with the heaves, but represented her as of the value of $100, &c.

Upon the trial the plaintiff proved the exchange, as alleged ;—that the defendant said in the course of the trade that the mare was worth $100, but did not disclose that she had the heaves, and in making the trade she was estimated at that sum—but in fact she was worth little or nothing, which was known to the defendant.

There was also evidence that at a subsequent time the plaintiff said to the defendant, " When we traded you told me that the mare was free from any blemish, and sound," or words to that effect.   This the defendant did not expressly deny, or admit, but he said to the plaintiff, " I told you the mare's limbs were as clean as a colt's," and asked if they were not.   The witness further testified, that in the course

of the conversation he remarked to the defendant, that he must have known the plaintiff never would have exchanged his colts for the mare, unless he had told him the mare was sound, or if the plaintiff had known any thing about the mare having the heaves; to which the defendant made no reply.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Gilchrist,* for the plaintiff, cited 1 *N. H. R.* 176, *Reed* vs. *Prentiss ;* 10 *Mass. R.* 197, *Emerson* vs. *Brigham ;* 2 *N. H. R.* 13 ; 2 *Black. Com.* 451.

*Wilson* and *Lovell,* for the defendant.

GREEN, J.    There is evidence in this case from which a jury might find for the plaintiff on the first count.   In the conversation between the plaintiff and defendant, and the witness, subsequently to the exchange, the plaintiff stated to the defendant that he warranted the mare sound and free from blemish ; and if this was not expressly admitted, it was not denied.   This might be a sufficient ground for judgment on the verdict, but it is not necessary to rely on this.

It is shown that the defendant, knowing that the mare had a disorder which was not apparent, and which rendered her of no value, not only did not disclose it, but said she was worth $100, when in fact she was worth little or nothing.   It is fairly to be presumed that this affirmation deceived the plaintiff, as she was estimated at that sum in making the trade ; and it was clearly false and fraudulent. We are of opinion that this is sufficient to sustain the action on the second count.   10 *Mass.* 197, *Emerson* vs. *Brigham & a.*

Perhaps an action might have been sustained, even if the defendant had not represented the mare to be worth $100.

There are authorities to show that if there be intentional concealment, or suppression of material facts, in the making of a contract of sale, in cases in which both parties have not equal access to the means of information, the vendor is liable. 2 *Kent's Com.* 377; *Peake's N. P. C.* 115, *Mellish* vs. *Motteaux.*